IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EHSAN HAQ                        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          1:23-cv-316
                                 )
ADORA MANUFACTURING INC.,        )
                                 )
          Defendant.             )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is Defendant's Motion to Dismiss Pursuant
to Rule 12(b)(6) of the Federal Rules of Civil Procedure,
(Doc. 5), and Plaintiff's Motion to Amend/Supplement, (Doc. 11).
For the reasons stated herein, Defendant's Motion to Dismiss
will be granted in part and denied in part and Plaintiff's
Motion to Amend will be granted.

## I.   FACTUAL BACKGROUND

On a motion to dismiss, a court must "accept as true all of
the factual allegations contained in the complaint and draw all
reasonable inferences in favor of the plaintiff." Ray v. Roane,
948 F.3d 222, 226 (4th Cir. 2020) (cleaned up). The facts, taken
in the light most favorable to the Plaintiff, are as follows.

Ehsan Haq ("Plaintiff") began working for Dudley Products
in 1991 as an hourly employee. (Complaint and Jury Request

("Compl.") (Doc. 1) ¶¶ 8—9.) In 2008, Dudley Products changed
its name to Dudley Manufacturing LLC ("Dudley Manufacturing").
(Id. ¶ 10.) Joe Dudley ("Dudley") is the owner of Dudley
Manufacturing. (Id. ¶ 13.) Eric Bias ("Bias") is the president
of Dudley Manufacturing. (Id. ¶ 12.) From 2008 to 2014, Dudley
Manufacturing failed to pay Plaintiff's entire wages because it
"was in bad financial condition." (Id. ¶ 11.)

On February 2, 2016, Bias "announced the company would be
changing its name to Adora Manufacturing Inc., ["Adora" or
"Defendant Adora"] and that management would be handed over to
Genea Gidey ("Gidey")." (Id. ¶ 12.) Gidey is the daughter of
Dudley. (Id. ¶ 13.) During the transition, "Dudley Manufacturing
transferred all of its equipment and assets to Adora without
Adora paying anything for them." (Id. ¶ 14.)

On March 31, 2016, Bias wrote Plaintiff a letter ("the 2016
Letter") acknowledging that Dudley Manufacturing owed Plaintiff
money. (2016 Letter (Doc. 1-1)[1]; see also Compl. (Doc. 1) ¶ 15.)
The 2016 Letter stated:

> The letter is written to acknowledge that Dudley
> Manufacturing LLC has an outstanding year to date
> amount of $83,216.35 owed to Mr. Ehsan Haq. A plan is
> being structured within the next 90 days to start
> repayment process for Mr. Haq. Upon business
> improvement Dudley Manufacturing LLC a new plan will

---

[1] "A copy of a written instrument that is an exhibit to a
pleading is a part of the pleading for all purposes." Fed. R.
Civ. P. 10(c).

- 2 -

be implemented to satisfy all outstanding monies owed to Mr. Ehsan Haq in full over a period of a pre-determined time.

(2016 Letter (Doc. 1-1).)

After the change from Dudley Manufacturing to Adora, "Gidey continued to promise Haq he would be paid the back wages he was owed." (Compl. (Doc. 1) ¶ 16.) "Adora continued to make periodic payments" to Plaintiff, totaling $11,000, until he was terminated on June 20, 2022. (Id. ¶¶ 17, 19.) "As of filing, Adora still owes [Plaintiff] $72,216.35 in unpaid wages." (Id. ¶ 20.) Plaintiff additionally alleges that "[f]rom roughly 2020 through the end of his employment, Adora failed to pay [Plaintiff] time-and-a-half for hours worked over 40 hours per week." (Id. ¶ 18.)

Plaintiff brings five causes of action. Plaintiff's first cause of action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), for unpaid wages owed from 2008 to 2014. (See Compl. (Doc. 1) ¶¶ 11, 21–23.) Plaintiff's second cause of action arises under the FLSA for unpaid overtime wages owed from 2020 to 2022. (See id. ¶¶ 18, 24–26.) Plaintiff's third cause of action arises under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 et seq. ("NCWHA"), for unpaid wages owed from 2008 to 2014. (See id. ¶¶ 11, 27–29.)

- 3 -

Plaintiff's fourth cause of action arises under the NCWHA for unpaid overtime wages owed from 2020 to 2022. (See id. ¶¶ 18, 30-32.) Plaintiff's fifth cause of action is for breach of contract. (See id. ¶¶ 33-36.)

## II.  PROCEDURAL HISTORY

On April 17, 2023, Plaintiff filed his Complaint. (See Compl. (Doc. 1).) Defendant filed a Motion to Dismiss for failure to state a claim, (Def.'s Mot. to Dismiss Pursuant to Rule 12(b)(6) of the Fed. R. of Civ. Pro. ("Def.'s Mot.") (Doc. 5)), and a brief in support, (Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss) ("Def.'s Br.") (Doc. 6)). Plaintiff responded in opposition, (Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (Doc. 7)), and Defendant replied, (Def.'s Reply Br. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Reply") (Doc. 8)). Plaintiff also filed an objection to Defendant's Reply to the extent the reply raises new arguments regarding Plaintiff's Second and Fourth Causes of Action. (Obj. to Def.'s Reply in Supp. of Its Mot. to Dismiss ("Pl.'s Obj.") (Doc. 10).)

On June 20, 2024, Plaintiff filed a Motion to Amend/Supplement. (Mot. to Amend/Supplement ("Pl.'s Mot.") (Doc. 11).) Defendant responded in opposition, (Def.'s Br. in Opp. to Pl.'s Mot. to Amend/Supplement ("Def.'s Resp.")

- 4 -

(Doc. 12)), and Plaintiff replied, (Reply in Supp. of Pl.'s Mot. to Amend ("Pl.'s Reply") (Doc. 13)).

On August 12, 2024, this court held a motions hearing on the motion to dismiss and motion to amend and heard oral arguments from the parties. (See Minute Entry 8/12/2024.)

## III. **MOTION TO AMEND**

Plaintiff filed a Motion to Amend/Supplement, seeking to add a disability discrimination claim under the Americans with Disabilities Act ("ADA") to his Complaint. (Pl.'s Mot. (Doc. 11).) Plaintiff filed his Equal Employment Opportunity Commission ("EEOC") charge alleging disability discrimination on December 5, 2022. (Id. ¶ 1.) Plaintiff filed his Complaint alleging causes of action for unpaid wages and breach of contract on April 17, 2023, "while Plaintiff's EEOC charge was still pending in order to meet the statute of limitations on those claims." (Id. ¶ 2.) Defendant filed a timely 12(b)(6) motion to dismiss on June 16, 2023, and briefing was completed by July 20, 2023. (Id. ¶¶ 4-5.) Plaintiff did not receive his right to sue letter from the EEOC until March 29, 2024. (Id. ¶ 6.)

Plaintiff moves to add his disability claim now that he has received his right to sue letter. He argues that "[g]iven the confluence of parties and facts, it serves judicial economy to

- 5 -

add Plaintiff's disability claim to the existing complaint rather than pursuing a new action that could potentially require joinder later." (Id. ¶ 9.) Defendant argues leave to amend should be denied "based on unfair prejudice to [Defendant] and bad faith delay in disclosing the claim." (Def.'s Resp. (Doc. 12) at 4.)

As a matter of law, Plaintiff must exhaust his administrative remedies and receive a right to sue letter from the EEOC before bringing a cause of action under the ADA in federal court. See McCullough v. Branch Banking & Tr. Co., 35 F.3d 127, 131 (4th Cir. 1994). Thus, this court will grant Plaintiff's motion to amend to add the ADA claim.

At the motions hearing, this court identified potential typographical errors in the proposed Amended Complaint, (see Amended Complaint and Jury Request (Doc. 11-1) ¶¶ 24, 27), that led to significant confusion over the timeline of events. Plaintiff will have twenty days to file a new amended complaint, without errors, that is drafted in accordance with this court's opinion and order and includes the disability discrimination claim.

IV. **MOTION TO DISMISS**

   A. **Standard of Review**

   A federal court sitting in diversity or supplemental jurisdiction applies state substantive law and federal procedural law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 72-73, 78-80 (1938); Hanna v. Plumer, 380 U.S. 460, 465-66 (1965); Houben v. Telular Corp., 309 F.3d 1028, 1032 (7th Cir. 2002) (explaining that Erie's central holding applies to supplemental jurisdiction cases).

   When exercising supplemental jurisdiction, this court "has a duty to apply the operative state law as would the highest court of the state in which the suit was brought." Liberty Mut. Ins. Co. v. Triangle Indus., Inc., 957 F.2d 1153, 1156 (4th Cir. 1992). If the state's highest court has not addressed an issue, then a "state's intermediate appellate court decisions constitute the next best indicia of what state law is, although such decisions may be disregarded if the federal court is convinced by other persuasive data that the highest court of the state would decide otherwise." Id. (citations and internal quotation marks omitted).

   "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

- 7 -

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other
words, the plaintiff must plead facts that "allow[] the court to
draw the reasonable inference that the defendant is liable" and
must demonstrate "more than a sheer possibility that a defendant
has acted unlawfully." Iqbal, 556 U.S. at 678 (2009) (citing
Twombly, 550 U.S. at 556–57 (2007).

A statute of limitations defense is characterized as "an
affirmative defense, which can be the basis of a motion to
dismiss under Rule 12(b)(6)." Dickinson v. Univ. of N. Carolina,
91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) (citation omitted). For
it to be granted "at this stage, all facts necessary to show the
time bar must clearly appear 'on the face of the complaint.'"
Id. (citation omitted). A defendant bears the burden of proving
an affirmative defense. Fed. R. Civ. P. 8(c). Under North
Carolina law, if the defendant shows that the statute of
limitations has run, the burden shifts to the plaintiff to "show
that its suit was commenced within the appropriate time from the
accrual of the cause of action." Chase Dev. Grp. v. Fisher,
Clinard & Cornwell, PLLC, 211 N.C. App. 295, 304, 710 S.E.2d
218, 224 (2011).

Case 1:23-cv-00316-WO-LPA  Document 16  Filed 09/13/24  Page 8 of 22

B.    **ANALYSIS**

Defendant moves to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) on three grounds: (1) Plaintiff's claims are barred by the applicable statute of limitations; (2) Defendant is an improper party; and (3) Plaintiff failed to allege facts to state a viable claim imputing acts and/or omissions of Dudley to Adora. (Def.'s Mot. (Doc. 5) at 2—3.)

### 1.    **Breach of Contract**

Plaintiff's fifth cause of action is for breach of contract. (Compl. (Doc. 1) ¶¶ 33—36.) Plaintiff alleges that "[Plaintiff] and Adora made a valid contract for Adora to pay [Plaintiff] in the future for his past work." (Id. ¶ 33) "[Plaintiff] performed on the contract by continuing to work for Adora and not suing them for unpaid wages," and "Adora breached the contract" by only paying Plaintiff $11,000 of the $83,216.35 it owed him. (Id. ¶¶ 34—35.) Plaintiff's breach of contract claim appears to be based on the 2016 Letter. (See Pl.'s Resp. (Doc. 7) at 1 (stating breach of contract claim is "based on a written agreement to repay [Plaintiff] for wages owed.")) Defendant argues that Plaintiff's breach of contract claim is barred by the statute of limitations and that Defendant Adora

cannot be held liable for the debts of Dudley Manufacturing LLC. (Def.'s Br. (Doc. 6) at 7–11.)

Under North Carolina law, a claim for breach of contract must be brought within three years after the cause of action accrues. N.C. Gen. Stat. § 1-52(1). "A cause of action generally accrues and the statute of limitations begins to run as soon as the right to institute and maintain a suit arises." Penley v. Penley, 332 S.E.2d 51, 62, 314 N.C. 1, 20 (1985).

> A part payment operates to toll the statute of limitations if made under such circumstances as will warrant the clear inference that the debtor in making the payment recognized his debt as then existing and acknowledged his willingness, or at least his obligation, to pay the balance. Such a payment is given this effect on the theory that it amounts to a voluntary acknowledgement of the existence of the debt. From this acknowledgement the law implies a new promise to pay the balance.

Whitley's Elec. Serv., Inc. v. Sherrod, 293 N.C. 498, 505, 238 S.E.2d 607, 612 (1977) (internal citations omitted).

Here, Plaintiff does not allege when the breach of contract claim accrued. Plaintiff argues that the 2016 Letter was intended to acknowledge an amount owed for unpaid wages from 2008 to 2014. (See Pl.'s Resp. (Doc. 7) at 8.) However, the 2016 Letter does not mention unpaid wages — it states that Dudley Manufacturing "has an outstanding year to date amount of $83,216.35 owed to [Plaintiff]." (2016 Letter (Doc. 1-1).)

- 10 -

Moreover, as of March 31, 2016, the date of the letter, the majority of Plaintiff's claims for unpaid wages from 2008 to 2014 would have already been barred by the two-year statute of limitations under the FLSA or NCWHA. See 29 U.S.C. § 255(a); N.C. Gen. Stat. § 95-25.22(f).

Under North Carolina law, "a new promise [in writing] to pay an existing debt may extend the time to collect the debt up to three years from the time of the new promise." Trantham v. Michael L. Martin, Inc., 228 N.C. App. 118, 126, 745 S.E.2d 327, 334 (2013).[2] However, even if the 2016 Letter revived part of Plaintiff's NCWHA claim, it only did so for wages which were not already time-barred, or wages earned after March 2014. Plaintiff does not allege that he was specifically owed wages from March to December 2014. Thus, the 2016 Letter cannot function to revive any claim for wages owed from 2008 to 2014.

On the other hand, if the 2016 Letter operates as some type of new agreement to pay Plaintiff for money owed in the amount of $83,216.35, then that contractual claim appears to have accrued in 2016. Thus, the statute of limitations based on a breach of the 2016 Letter would have run in 2019. Plaintiff argues partial payments from Defendant Adora tolled the statute

---

[2] Plaintiff does not identify any theory under federal law where a promise in writing could revive a time-barred FLSA claim.

- 11 -

of limitations on the breach of contract claim. (Pl.'s Resp. (Doc. 7) at 7.) Plaintiff alleges that "Adora continued to make periodic payments through the end of his employment totaling $11,000." (Compl. (Doc. 1) ¶ 17.)

At present, this court is not able to determine when payments were made, except that payments were made by Adora through Plaintiff's termination in 2022. (See id. ¶¶ 17, 19.) It is not clear from the face of the Complaint that Plaintiff's breach of contract claim is barred by the statute of limitations because it is plausible that partial payments from Defendant Adora made sometime between 2016 and 2022 tolled the statute of limitations. This is a factual issue that cannot be resolved at the motion to dismiss stage.

Defendant additionally argues that even assuming the 2016 Letter itself is a contractual obligation, Defendant Adora cannot be held liable for the debts of Dudley Manufacturing. (See Def.'s Br. (Doc. 6) at 8.) However, the issue of whether liability can be imputed onto Defendant Adora cannot be resolved at the motion to dismiss stage. Plaintiff alleged that "[w]hen Dudley Manufacturing LLC became Adora, Dudley Manufacturing transferred all of its equipment and assets to Adora without Adora paying anything for them." (Compl. (Doc. 1) ¶ 14.) Plaintiff also alleged that Defendant Adora made payments to

Plaintiff pursuant to the 2016 Letter from Dudley Manufacturing, acknowledging that Dudley Manufacturing owed Plaintiff money. (See id. ¶¶ 15-17.) These allegations give rise to the plausible possibility that Defendant Adora assumed responsibility for Dudley Manufacturing's debts. Additionally, any evidence that would help prove this theory would be within the control of Defendant, not Plaintiff. Thus, Defendant's motion to dismiss Plaintiff's breach of contract claim will be denied.

### 2. **The FLSA**

Plaintiff's first and second cause of action are for unpaid wages under the FLSA. (Compl. (Doc. 1) ¶¶ 11, 18, 21-26.)

> The FLSA is best understood as the "minimum wage/maximum hour law." Monahan v. County of Chesterfield, 95 F.3d 1263, 1266 (4th Cir.1996) (internal quotation marks omitted). In enacting the FLSA, Congress intended "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981). "'The substantive sections of the FLSA, narrowly focusing on minimum wage rates and maximum working hours, bear out its limited purposes.'" Monahan, 95 F.3d at 1267 (quoting Lyon v. Whisman, 45 F.3d 758, 764 (3d Cir.1995)). Thus, the Act requires payment of a minimum wage, 29 U.S.C. § 206(a), and limits the maximum working hours an employee may work without receiving overtime compensation, 29 U.S.C. § 207(a).

Trejo v. Ryman Hosp. Props., Inc., 795 F.3d 442, 446 (4th Cir. 2015). The FLSA provides that a claim for unpaid minimum wages or unpaid overtime compensation must be brought within two years

- 13 -

after the cause of action accrued, or within three years if the cause of action arises out of a willful violation. 29 U.S.C. § 255(a).[3] Under the continuing violations theory, "each issuance" of a paycheck constitutes a new cause of action for statute of limitations purposes. Higgins v. Food Lion, Inc., No. CIV. A. AW00CV2617, 2001 WL 77696, at *2 (D. Md. Jan. 23, 2001) (quoting Nealon v. Stone, 958 F.2d 584, 591 (4th Cir. 1992)).

### i.    Unpaid Wages from 2008 to 2014 under the FLSA

Plaintiff's FLSA claim for unpaid wages earned from 2008 to 2014 is barred by the statute of limitations because the latest the cause of action could have accrued would be 2014. Plaintiff argues that Defendant Adora's partial payments and the 2016 Letter extended the statute of limitations. (Pl.'s Resp. (Doc. 7) at 8-9.) However, as discussed supra Section IV.B.1, the 2016 Letter cannot revive Plaintiff's FLSA claim. Moreover, the partial payments from Adora could not toll an already time-barred claim.

Plaintiff additionally argues that the statute of limitations for the FLSA claim should be "equitably tolled" because "he was prevented from asserting his claim by the wrongful act of the Defendant: namely Defendant's lie that it

---

[3] Plaintiff does not allege any facts to support an inference that any potential violation of the FLSA was willful.

was going to pay him the entire amount owed." (Pl.'s Resp. (Doc. 7) at 9.)

Equitable tolling "focuses on whether there was excusable delay by the plaintiff." Edmonson v. Eagle Nat. Bank, 922 F.3d 535, 549 (4th Cir. 2019). It "is appropriate in those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. (citation and internal quotation marks omitted).

Plaintiff has not alleged any external circumstances beyond his control that would constitute an excusable delay in bringing his FLSA claim. Additionally, the separate doctrine of equitable estoppel would not extend the statute of limitations here.

"[E]quitable tolling 'differs from [fraudulent concealment and equitable estoppel] in that it does not assume a wrongful — or any — effort by the defendant to prevent the plaintiff from suing.'" Edmonson, 922 F.3d at 549 (citation omitted). Equitable estoppel applies "where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline." Id. (citation omitted).

> In our Circuit, estoppel does not require unjust or
> fraudulent conduct by the estoped party, only that
> "the person estopped, by his statements or conduct,
> misled another to his prejudice." [United States ex

- 15 -

rel. Humble Oil & Refin. Co. v. Fid. & Cas. Co. of N.Y., 402 F.2d 893, 898 (4th Cir. 1968)] (quoting United States ex rel. Noland Co. v. Wood, 99 F.2d 80, 82 (4th Cir. 1938)). Nonetheless, the reliance must be "unmistakably" foreseeable by the estopped party. See Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). The reliance of the other party must also be objectively reasonable. See id. at 1128–29 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."[)].

United States ex rel. Dickson v. Fid. & Deposit Co. of Maryland, 67 F.4th 182, 192 (4th Cir. 2023).

Plaintiff alleges that "Gidey continued to promise [Plaintiff] he would be paid the back wages he was owed," and "Adora continued to make periodic payments" to Plaintiff. (Compl. (Doc. 1) ¶¶ 16, 17.) Plaintiff argues he "was prevented from asserting his claim by the wrongful act of the Defendant: namely, Defendant's lie that it was going to pay him the entire amount owed." (Pl.'s Resp. (Doc. 7) at 9.) However, Plaintiff has not alleged facts to support a theory that Defendant falsely represented its intention to pay $83,216.35.

An acknowledgement of a debt and promise to pay may invoke equitable estoppel in some circumstances, but Plaintiff has not met his burden of showing that equitable estoppel should apply here. Thus, Plaintiff's first cause of action for unpaid wages under the FLSA is time-barred.

- 16 -

ii. **Unpaid Overtime from 2020 to 2022 under the**

**FLSA**

Plaintiff's claim for unpaid overtime is based on one sentence in the Complaint: "From roughly 2020 through the end of his employment, Adora failed to pay [Plaintiff] time-and-a-half for hours worked over 40 hours per week." (Compl. (Doc. 1) ¶ 18.)

The Fourth Circuit has held

to state a plausible FLSA overtime claim, plaintiffs "must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Nakahata v. N.Y.–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013). A plaintiff may meet this initial standard "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." [Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014)] (emphasis added).

Hall v. DIRECTV, LLC, 846 F.3d 757, 777 (4th Cir. 2017). "A comparable standard applies to pleading a minimum wage claim under the FLSA." Walsh v. Lalaja, Inc., No. 4:20-CV-189-FL, 2022 WL 1143290, at *3 (E.D.N.C. Apr. 18, 2022); see also Acosta v. Ararat Imp. & Exp. Co., LLC, 378 F. Supp. 3d 443, 447-48 (E.D.N.C. 2019).

Plaintiff has "merely allege[d] that [he] regularly worked in excess of forty hours per week without receiving overtime

- 17 -

pay," and has failed to allege any facts to state a plausible claim for unpaid overtime wages. Hall, 846 F.3d at 777. Plaintiff states that Defendant failed to argue that Plaintiff failed to state a claim for unpaid overtime in its memorandum in support of its motion to dismiss. (See Pl.'s Resp. (Doc. 7) at 4; Pl.'s Obj. (Doc. 10) at 1.) However, as explained during the motions hearing, Plaintiff's Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff's claim for unpaid overtime wages consists of mere "labels and conclusions," and does not provide Defendant with fair notice of what grounds the claim is based on. Id. Thus, Plaintiff's claim for unpaid overtime wages under the FLSA will be dismissed for failure to state a claim. This dismissal will be without prejudice to provide Plaintiff an additional opportunity to adequately plead facts to support his claim.

### 3. The NCWHA

Plaintiff's third and fourth causes of action are for unpaid wages under the NCWHA. (Compl. (Doc. 1) ¶¶ 11, 18, 27-32.) The NCWHA provides a private cause of action for employees to recover unpaid minimum wages, (§ 95-25.3), unpaid overtime compensation, (§ 95-25.4), and other wages owed under the law, (§§ 95-25.6 to 95-25.12). See N.C. Gen. Stat. § 95-25.22(a).

- 18 -

Claims brought under the NCWHA are subject to a two-year statute of limitations. N.C. Gen. Stat. § 95-25.22(f). A cause of action under the NCWHA accrues when the wages were payable. See Kornegay v. Aspen Asset Grp., LLC, 204 N.C. App. 213, 233-34, 693 S.E.2d 723, 738 (2010).

### i. Unpaid Wages Earned from 2008 to 2014

Plaintiff's NCWHA claim for unpaid wages earned from 2008 to 2014 is barred by the statute of limitations because the latest the cause of action could have accrued would be 2014. Additionally, Plaintiff does not allege facts to implicate equitable tolling or estoppel.

Because North Carolina statute of limitations apply, North Carolina tolling rules apply. Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999).

Under North Carolina law,

> [t]he essential elements of equitable estoppel are: "(1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts."

Bankaitis v. Allstate Ins. Co., 229 F. Supp. 3d 381, 386—387 (M.D.N.C. 2017) (quoting Trillium Ridge Condo. Ass'n v. Trillium Links & Vill., LLC, 236 N.C. App. 478, 764 S.E.2d 203, 216 (2014)).

- 19 -

For similar reasons discussed supra, section IV.B.2.i., Plaintiff has not alleged facts to show that circumstances beyond his control prevented him from filing his claim for unpaid wages earned from 2008 to 2014 such that equitable tolling would be applicable. Equitable estoppel is also not applicable on the facts alleged here. Plaintiff's conclusory allegations are not sufficient to establish either a false representation or a concealment of material facts as opposed to a breach of contract. Nonperformance of a contract is not, standing alone, sufficient to establish fraud or concealment. See Johnson v. Phoenix Mut. Life Ins. Co., 300 N.C. 247, 255, 266 S.E.2d 610, 616 (1980) ("As a general rule, a mere promissory representation will not be sufficient to support an action for fraud."). Thus, Plaintiff's third cause of action for unpaid wages owed from 2008 to 2014 under the NCWHA is time-barred.

### ii. __Unpaid Overtime Wages from 2020 to 2022__

As explained supra Section IV.B.2.ii, Plaintiff's claim for unpaid overtime wages owed will be dismissed for failure to state a claim. NCWHA provides a private cause of action for employees to recover amounts owed for violations relating to minimum wage (§ 95-25.3), overtime (§ 95-25.4), and wage payment (§§ 95-25.6 to 95-25.12). N.C. Gen. Stat. § 95-25.22(a).

Plaintiff's conclusory allegation that he was not paid overtime wages from 2020 through his termination for working over 40 hours a week is not sufficient to state a claim under any provision of the NCWHA. See Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) (holding conclusory allegation that plaintiff routinely worked in excess of 40 hours per week during her employment from 2006 to 2007 and defendant failed to compensate accordingly not sufficient to state a claim under the NCWHA). This dismissal will be without prejudice to provide Plaintiff an additional opportunity to adequately plead facts to support his claim.

In sum, Plaintiff's motion to amend will be granted and Plaintiff will be permitted to add his disability discrimination claim and file a new amended complaint within twenty days in accordance with this opinion. Plaintiff's first and third causes of action will be dismissed with prejudice because they are clearly barred by the statute of limitations. Plaintiff's second and fourth causes of action will be dismissed without prejudice for failure to state a claim. Defendant's motion to dismiss Plaintiff's fifth cause of action for breach of contract will be denied.

## V.  CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend/Supplement, (Doc. 11), is **GRANTED** and that Plaintiff shall have twenty (20) days from the date of this Memorandum Opinion and Order to file and serve a new amended complaint, correcting the errors contained in the proposed amended complaint. The terms of this order only permit an amended complaint to allege one cause of action, breach of contract.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (Doc. 5), is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** only as to Plaintiff's fifth cause of action, breach of contract. The motion with respect to Plaintiff's remaining claims is **GRANTED** and Plaintiff's first and third causes of action are **DISMISSED** and Plaintiff's second and fourth causes of action are **DISMISSED WITHOUT PREJUDICE**.

This the 13th day of September, 2024.

_____
United States District Judge